UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
FEB 2 6 2008
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 63 |
| v. ) | |
| ) | Judge Blanche M. Manning |
| JOSE DOMINGO-CASTRO ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant, JOSE DOMINGO-CASTRO, and his attorney, PATRICK BOYLE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The indictment in this case charges defendant with transporting illegal aliens in the United States for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I).

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment. The indictment charges that defendant, for the purpose of private financial gain, knowing and in reckless disregard of the fact that certain aliens had come to, entered, and remained in the United States in violation of law, did transport and move such aliens,

namely 10 nationals from Mexico, Guatemala and El Salvador, within the United States by means of transportation and otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I), and seeks forfeiture pursuant to Title 8, United States Code, Section 1324(b)(1) and Title 18, United States Code, Section 982(a)(6)(A).

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Defendant DOMINGO-CASTRO admits that on or about January 28, 2008, at Peru, in the Northern District of Illinois, Eastern Division and elsewhere, defendant, knowing and in reckless disregard of the fact that certain aliens, namely, 10 Mexican, Guatemalan and El Salvadoran nationals, had entered, come to, or remained in the United States in violation of law, did transport and move such aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I).

More specifically, on or about January 26, 2008, Boris Chinchilla-Linares picked up JOSE DOMINGO-CASTRO in a green 2000 Toyota Sienna van, bearing California license plate number 4HYK264 (hereinafter, the "Sienna"), in Los Angeles, California. The Sienna had 10 passengers. As DOMINGO-CASTRO knew, the 10 passengers were nationals from Mexico, El Salvador and Guatemala, all of whom had entered or were present in the United

States in violation of law. The passengers included two minors unaccompanied by a parent or guardian. DOMINGO-CASTRO knew that the 10 passengers were illegal aliens because Chinchilla-Linares told him that 10 passengers were illegal aliens. DOMINGO-CASTRO and Chinchilla-Linares agreed to transport the 10 illegal aliens in the Sienna to various places in the United States. On or about January 28, 2008, DOMINGO-CASTRO was driving the Sienna when it was pulled over by Peru Police Department officers in Peru, Illinois.

Defendant DOMINGO-CASTRO knowingly transported the 10 passengers in furtherance of their unlawful entry to and presence in the United States for the purpose of his own private, financial gain. Specifically, Chinchilla-Linares agreed to pay DOMINGO-CASTRO $300 to accompany him in transporting the 10 passengers to various places in the United States.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

   b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

3

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing a sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree and disagree on the following points:

   a. **Applicable Guidelines.** The parties agree that the Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely, the November 2007 Guidelines Manual.

   b. **Offense Level Calculations.**

      i. The parties agree that the base offense level for the charge in the indictment is 12, pursuant to Guideline §2L1.1(a)(3).

      ii. Pursuant to Guideline §2L1.1(b)(2)(A), the parties agree that the offense level should be increased 3 levels because the offense involved the transportation of 10 unlawful aliens.

      iii. Pursuant to Guideline §2L1.1(b)(4), it is the government's position that the offense level should be increased 2 levels because the defendant transported and harbored two minors who were unaccompanied by

4

their parents or grandparents. Defendant does not agree with the government's position.

    iv.    Pursuant to Guideline § 3B1.2(b), the parties agree that the offense level should be decreased 2 levels because the defendant was a minor participant in the criminal activity.

    v.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    vii.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

5

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

e. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected

by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.  The government agrees to recommend a sentence at the low end of the applicable guidelines range or a sentence of one year and one day, whichever is greater.

11.  It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.  Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

13.  The indictment charges that defendant is liable to the United States for approximately $1,200, which funds are subject to forfeiture because those funds were intended to be used to facilitate the commission of the violation alleged in Count One. By entry of a guilty plea to Count One of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

14.  Defendant agrees to the entry of a forfeiture judgment in the amount of $1,200. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds and further agrees

to the seizure of these funds so that these funds may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the funds subject to forfeiture.

15. Defendant understands that forfeiture of these funds shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

18.   For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19.   This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 63.

20.   This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

21. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond

a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    b.    **Waiver of appellate and collateral rights.**  Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence

11

imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

22. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

## Conclusion

24. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 2/26/08

_____
**PATRICK J. FITZGERALD**
United States Attorney

_____
**JOSE DOMINGO-CASTRO**
Defendant

_____
**J. GREGORY DEIS**
Assistant United States Attorney

_____
**PATRICK BOYLE**
Attorney for Defendant

14