UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 CR 63 |
| | ) | |
| JOSE DOMINGO-CASTRO, | ) | Judge Blanche M. Manning |
| Defendant. | ) | |

**DEFENDANT JOSE DOMINGO CASTRO'S SENTENCING MEMORANDUM**

Now comes Defendant **JOSE DOMINGO-CASTRO**, by and through his attorney **PATRICK E. BOYLE**, and files with this Honorable Court, Jose Domingo Castro's Sentencing Memorandum.

I. Sentencing Post-Booker

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court made the Sentencing Guidelines effectively advisory. As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well . . ." Booker, 125 S. Ct. At 756-57. The Guidelines calculations are to be treated "as just one of a number of sentencing factors." United States v. Ranum, 353 F.Supp.2d 984, 985-87 (E.D.Wis.2005). The Ranum court rejected the notion that the Guidelines must be afforded heavy weight and concluded that "courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the Section 3553(a) factors." Ranum, 353 F.Supp.2d at 987-89. Finally, and most importantly, Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary . . ."

II. Who is Jose Domingo-Castro?

      Defendant Jose Domingo-Castro asks this Court to consider his youth -- he was only 20-years-old at the time of the offense. Mr. Domingo-Castro has no prior criminal history and no prior criminal convictions. As is reflected in the Presentence Investigation Report, he had a very difficult childhood through no fault of his own. His mother was incapable of raising him and providing him with the support he needed. His father suffered a stroke which led to a permanent disability which he suffers from to this day. As a consequence, Mr. Domingo-Castro was shuffled back and forth between family in California and other relatives in El Salvador. Mr. Domingo-Castro also lived with numerous foster families throughout his most formative years. Despite this instability and lack of familiar stewardship, Mr. Doming-Castro did the best he could and attended High School in Whittier, California. Prior to his arrest, Mr. Domingo-Castro was attending school and was employed. After he serves his sentence in this case, Mr. Domingo-Castro plans to return to California and resume his employment. He has re-established his bonds with his siblings who live in the area and hopes to assist his father in his daily life. Finally, the Defendant asks the Court to consider the PSR which notes personal and family data concerning Mr. Domingo-Castro and the character letters of support which will be offered to the Court at sentencing.

III. Jose Domingo-Castro's Role in the Offense

      Following his arrest, Mr. Domingo-Castro gave a full statement to the investigating officers where he made a full disclosure of his participation and role in the offense. Following his indictment, Mr. Domingo-Castro accepted full responsibility and entered a timely, truthful guilty plea. Mr. Domingo-Castro was a minor participant in this offense as in reflected in the

Government's version and in the plea agreement. Essentially, Mr. Domingo-Castro was recruited by his co-defendant to be a relief driver in a scheme to transport illegal aliens from California to various spots eastward in the United States. Most significantly, Mr. Doming-Castro was not an organizer of this plan and did not really realize the nature of this scheme until he had traveled far from California. Mr. Domingo-Castro did not solicit any of the passengers or take any money from them. The Defendant had no role in deciding who the passengers would be, the number of the passengers, their ages or how they would be transported.

The Defendant, while accepting full responsibility for his actions, asks that this Court not increase his offense level by the additional 2 points for the transportation of minors. Mr. Domingo-Castro has absolutely no contact with the passengers prior to the trip and had no way of knowing the ages of the passengers. The knowledge that there were minor passengers cannot be imputed to the Defendant and it is still not clear what the ages off the minors were. Further, the P.S.I. reports asks this Court to increase the offense level by an additional 2 points because of the total number of passengers and the fact that the van that was used to transport them was not large enough. Again, while accepting responsibility for his actions, Mr. Domingo-Castro submits that it would be unfair to hold him responsible for this as he had no role in selecting the number of passengers or how they would be transported. Mr. Domingo-Castro did not solicit the passengers, was not paid by the passengers, had no authority to select their total number, and had no part in the selection of the particular van for their transport. Further, following extensive discussion and negotiations between the parties, the Defendant choose to enter into a formal plea agreement which did not involve this enhancement and it would be unfair at this point to increase the offense level now.

IV. Guidelines Calculations

Therefore, Mr. Domino-Castro asks this court to consider the evidence and the relevant law and conclude that his Advisory Sentencing Guideline calculation is as follows:

(1) Pursuant to Section 2L1.1(a)(3) the base offense level is 12.

(2) Pursuant to Section 2L1.1(b)(2)(A) 3 levels may be added because the offense involved the transportation of 10 passengers.

(3) Pursuant to Section 3B1.2, because the Defendant was a minor participant, the offense level should be decreased by 2 levels.

(5) Mr. Doming-Castro has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the defendant continues to accept responsibility within the meaning of section3E1.1, a 2 level reduction would be appropriate.

(6) Mr. Domingo-Castro has assisted authorities in the prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. An additional 1 level reduction is therefore appropriate pursuant to Section 3E1.1(b).

(7) The parties agree that Mr. Domingo-Castro has a criminal history of category I.

Consequently, the Defendant asks this Court to conclude that the appropriate offense level is 10, if the final 1 level decrease for early acceptance of responsibility is given, or 11 in the alternative. A level 10 with a criminal history category of I results in a guideline range of 6-12 months. A level 11 with a criminal history category or I results in a guideline range of 8-14 months.

<u>V. U.S.S.G. Section 3553(a) Factors and potential Mitigation</u>

Mr. Domingo-Castro asks this Court to consider the very difficult childhood that he had

because of the instability of his parents and their inability to provide adequate guidance and support.  Because of these problems Mr. Domingo-Castro was forced to move regularly and was passed-off between various relatives and foster families.  Despite this, Mr. Domingo-Castro avoided any real trouble and criminal convictions and did the best he could.  However, this difficult and fractured childhood made him susceptible to engaging in the charged offense.

      Finally, Mr. Aida also asks this Court to consider the fact that he has been incarcerated at the old Kankakee County Jail during the pendency of this case.  Consequently, he has been unable to take advantage of the various services that could have lead to Mr. Domingo-Castro bettering himself while awaiting sentencing.  Further, the conditions at the facility are harsh and inadequate.  Specifically, despite the fact that the Defendant suffers from asthma and made several requests for an inhaler the facility never acknowledged his condition nor did they provide an inhaler and any medical care.

      WHEREFORE, Defendant DOMINGO-CASTRO respectfully requests that this Court exercise its discretion, consider all of the relevant factors of 18 U.S.C. Section 3553(a), and sentence Mr. Domingo-Castro to a reasonable sentence.

      Respectfully submitted,

**JOSE DOMINGO-CASTRO**

By:    s/ Patrick E. Boyle
          By his attorney Patrick E. Boyle

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888

**CERTIFICATE OF SERVICE**

      The undersigned Attorney certifies that the following Motion to Continue Sentencing was served on **Thursday, June 5, 2008**, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                                 By:    s/ Patrick E. Boyle
                                                                         PATRICK E. BOYLE

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888