AO 245B - (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Jose Domingo-Castro | Case Number: 08 CR 63-1 |
| | USM Number: 40009-424 |
| | Patrick E. Boyle |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   one of the indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 USC 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i) | Transporting Aliens | 1/28/2008 | one |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/5/2008
Date of Imposition of Judgment

*Blanche M. Manning* (signature)
Signature of Judge

Blanche M. Manning, U.S.      District Court Judge
Name of Judge                 Title of Judge

6/16/2008
Date

FILED
2008 JUN 18 AM 7:37
U.S. DISTRICT COURT

AO 245B     (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page **2** of **7**

DEFENDANT: Jose Domingo-Castro
CASE NUMBER: 08 CR 63-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

8 months. Defendant should receive credit for time served. Drug tests shall not exceed more than 104 tests per year. No supervised release imposed.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant serve his term of imprisonment at a Bureau of Prisons in California.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Jose Domingo-Castro
CASE NUMBER: 08 CR 63-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jose Domingo-Castro
CASE NUMBER: 08 CR 63-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

    Cost of incarceration is waived

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    See forfeiture order

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | No. 08 CR 63-1 |
| ) | |
| ) | Judge Blanche M. Manning |
| ) | |
| JOSE DOMINGO-CASTRO            ) | |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18 U.S.C. § 982, and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)   On February 6, 2008, an indictment was returned charging defendant JOSE DOMINGO-CASTRO with transporting illegal aliens in the United States for the purpose of private financial gain, pursuant to the provisions of 8 U.S.C. §§ 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(I), among other violations;

(b)   The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), including, but not limited to approximately $1,200 in United States currency;

(c)   On February 26, 2008, pursuant to Fed R. Crim. P. 11, defendant JOSE DOMINGO-CASTRO entered a voluntary plea of guilty to Count One of the indictment charging him with violations of 8 U.S.C. §§1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I), thereby making certain property named in the indictment subject to forfeiture;

(d)   Pursuant to the terms of the plea agreement, as a result of his violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(I), defendant JOSE DOMINGO-CASTRO agreed that approximately $1,200 in United States currency is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), because the property

constitutes, is derived from, or is traceable to proceeds obtained directly, or indirectly, from the commission of the charged offenses;

(e) Defendant JOSE DOMINGO-CASTRO further agreed to the entry of a preliminary order of forfeiture, prior to or at the time of sentencing, relinquishing any right, title, and interest he may have in the foregoing property for disposition according to law;

(f) Pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), and to the terms of defendant JOSE DOMINGO-CASTRO plea agreement, the United States seeks forfeiture of all right, title, and interest that he may have in the foregoing property, so that the property may be disposed of according to law.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 982(a)(6)(A), Fed. R. Crim. P. 32.2, and to the terms of his plea agreement, all right, title and interest of defendant JOSE DOMINGO-CASTRO in approximately $1,200 in United States currency, is hereby forfeited to the United States of America for disposition according to law;

2. Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 982(b)(1), upon entry of this preliminary order of forfeiture, the United States Marshal shall seize and take custody of the foregoing property for disposition as the Attorney General may direct;

3. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture;

4. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5. Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. The terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against defendant JOSE DOMINGO-CASTRO and included in any judgment and commitment order entered in this case against him;

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Blanche M. Manning*
BLANCHE M. MANNING
United States District Judge

DATED: 6/5/2008

3